**M.B. # 11072–054, Plaintiff–Appellant,**

**v.**

**R.M. REISH, Warden, M.C.C. N.Y.; Waliyd A. Muhammed, Unit Manager; Doug Reed, Health Services Administration; Frank E. Harper, Discipline Hearing Officer; Robert Parrish, Special Investigative Agent; caren l. gibson; Emelio Ortiz, Correction Counselor; Patrick Flynn, Education Department; F. Briggs, Lieutenant; John (1–5) Doe, Defendants–Appellees.**

**No. 1814, Docket 96–2347.**

United States Court of Appeals, Second Circuit.

Argued July 18, 1997.

Decided July 30, 1997.

Omid Zareh, Coudert Brothers, New York City (Douglas F. Broder, of counsel), for Plaintiff–Appellant.

Marianne T. O'Toole, Assistant United States Attorney, Southern District of New York, New York City (Mary Jo White, United States Attorney, Gideon A. Schor, Assistant United States Attorney, of counsel), for Defendants–Appellees.

Before: WINTER, Chief Judge, JACOBS and LEVAL, Circuit Judges.

PER CURIAM.

M.B., a prisoner in the United States Witness Protection Program, appeals from Judge Knapp's adverse grant of summary judgment. M.B. alleges violations of his rights under the Fifth, Eighth and Fourteenth Amendments in connection with prison disciplinary actions taken by appellees, all present or former employees of the Federal Bureau of Prisons. The claims arise out of incidents that occurred in 1994 and 1995 while M.B. was incarcerated at the Metropolitan Correctional Center in Manhattan.

■ We have already rejected a number of M.B.'s claims in a previous decision rendered by summary order. *M.B. # 11072–054 v. R.M. Reish, et al.,* No. 96–2347 (2d Cir. Dec.27, 1996). In the instant appeal, M.B. argues that Judge Knapp's grant of summary judgment should be reversed on the grounds that the district court erred in not giving M.B., then a *pro se* litigant, adequate notice of the consequences of an insufficient response to a motion for summary judgment and in staying M.B.'s discovery requests. We disagree.

Appellant claims that *Ruotolo v. IRS,* 28 F.3d 6 (2d Cir.1994), in which we reversed a grant of summary judgment that had been entered against *pro se* plaintiffs for failure to

respond to the motion, mandates reversal in the instant case. We reversed a grant of summary judgment in *Ruotolo* on the ground that the trial court had not advised the *pro se* plaintiffs that their case would be dismissed if they did not respond to the summary judgment motion. 28 F.3d at 8. *See also Champion v. Artuz*, 76 F.3d 483 (2d Cir. 1996). *Ruotolo* and *Champion* do not, however, mandate reversal in the instant case where appellant did in fact respond to the opposing motion for summary judgment and where the record is clear that he understood the need to set forth all available evidence demonstrating a genuine dispute over material facts.

■ There is no requirement that the district court affirmatively advise the *pro se* litigant of the nature and consequences of a summary judgment motion if the *pro se* litigant has otherwise been adequately notified or is already aware of such consequences. In *Champion* we held that an "easily comprehensible notice from the party moving for summary judgment would suffice," *Champion*, 76 F.3d at 486, and in *Ruotolo* we explicitly grounded our reversal of summary judgment on the basis that the plaintiffs "did not understand the district court's procedure with respect to summary judgment motions," *Ruotolo*, 28 F.3d at 9.

Unlike the plaintiffs in both *Ruotolo* and *Champion*, M.B. responded to the motion for summary judgment with a 27–page declaration of facts with 104 pages of exhibits, a 40–page memorandum of law, a cross-motion for summary judgment in plaintiff's favor, a counter "3(g) statement" of facts pursuant to the local rules of the Southern District, and a request for further discovery. Furthermore, in his papers M.B. made it clear that he understood the consequences of a summary judgment motion and the requirements of a successful response. M.B. states that his papers were intended to show "clear factual disputes preventing summary judgement," that he was addressing appellees' assertions and "providing documentary support" for his counter-assertions "whenever and wherever [sic] possible," and that "there seems to exist a material issue of fact which presents a genuine issue to be tried, which precludes summary judgment." We therefore hold that M.B. had adequate notice of the requirements of a summary judgment motion and of the failure to sufficiently respond to such a motion.

■ We similarly reject M.B.'s contention that he was improperly denied discovery by the district court pending resolution of the summary judgment motion. We have held that a "trial court enjoys wide discretion in its handling of pre-trial discovery, and its rulings with regard to discovery are reversed only upon a clear showing of an abuse of discretion." *Cruden v. Bank of New York*, 957 F.2d 961, 972 (2d Cir.1992). For the most part, M.B.'s claims were insufficient as a matter of law or could not have been aided by discovery. For example, his Eighth Amendment claims required a showing of deliberate indifference by prison officials, *Wilson v. Seiter*, 501 U.S. 294, 111 S.Ct. 2321, 115 L.Ed.2d 271 (1991), and the record before the district court was sufficient for it to conclude that no amount of discovery would breathe life into them. The only claim that might arguably have benefited from discovery was the claim asserted against Caren Gibson that she had retaliated against M.B. by instructing an inmate—with whom she was allegedly having an affair—to assault M.B. However, M.B. offered no evidence in support of this claim other than his own statements, which he conceded were not based on personal knowledge. Further, he told Judge Knapp that the inmate would not give sworn evidence of the alleged instructions in the instant matter. Judge Knapp's denial of discovery was therefore within his discretion because M.B. failed to present any credible basis to suggest that discovery would produce favorable evidence relating to this claim. Indeed, M.B.'s requests for discovery seem not to have been directed to the retaliation claim.

We therefore affirm.