Pepi SCHAFLER, Dr., Plaintiff–
Appellant,

v.

Donald L. SUMMER, Esq.,
Defendant–Appellee.

Docket No. 02–7640.

United States Court of Appeals,
Second Circuit.

May 14, 2003.

Dr. Pepi Schafler, Walnut Creek, CA, pro se.

Frank A. Aloi, Rochester, NY, for Appellee.

PRESENT: WALKER, Chief Judge, CARDAMONE, and SOTOMAYOR, Circuit Judges.

### SUMMARY ORDER

THIS SUMMARY ORDER WILL NOT BE PUBLISHED IN THE FEDERAL REPORTER AND MAY NOT BE CITED AS PRECEDENTIAL AUTHORITY TO THIS OR ANY OTHER COURT, BUT MAY BE CALLED TO THE ATTENTION OF THIS OR ANY OTHER COURT IN A SUBSEQUENT STAGE OF THIS CASE, IN A RELATED CASE, OR IN ANY CASE FOR PURPOSES OF COLLATERAL ESTOPPEL OR RES JUDICATA.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the United States Courthouse, Foley Square, in the City of New York, on the 14th day of May, two thousand and three.

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the judgment of said district court be and it hereby is AFFIRMED.

Plaintiff-appellant Dr. Pepi Schafler appeals from the July 19, 2001, judgment of

the district court granting defendant-appellee Donald L. Summer's motion for summary judgment, denying Schafler's cross-motion for summary judgment, and dismissing Schafler's complaint in its entirety with prejudice. In her complaint, Schafler set forth various claims sounding in, *inter alia*, perjury, fraud, lying to the Court, racketeering, malicious prosecution, malpractice, negligence, professional misconduct, libel, slander, invasion of privacy, stalking, harassment, negligent and intentional infliction of emotional distress, and restitution.

This Court reviews orders granting summary judgment *de novo* to determine whether the district court properly concluded that there was no genuine issue as to any material fact and that the moving party was entitled to judgment as a matter of law. *See Bedoya v. Coughlin*, 91 F.3d 349, 351 (2d Cir.1996). In making its determination, the district court is required to resolve all ambiguities and draw all factual inferences in favor of the non-movant. *See Cronin v. Aetna Life Ins. Co.*, 46 F.3d 196, 202 (2d Cir.1995). A non-movant's reliance upon conclusory statements or mere allegations, however, is insufficient to defeat a summary judgment motion. *See Yin Jing Gan v. City of New York*, 996 F.2d 522, 532–33 (2d Cir.1993); Fed.R.Civ.P. 56(e).

Although plaintiff makes several serious allegations concerning the district court judge's impartiality, our independent review of the record and relevant case law discloses no error in the district court's thorough opinion in which he carefully addressed each of plaintiff's claims. The district court correctly determined that all of the claims raised in Schafler's complaint were either meritless or not cognizable or were barred by the applicable statute of limitations.

■ Plaintiff argues that the district court erroneously dismissed her fraud claim. As noted by the district court, in order to state a claim for fraud, a plaintiff must allege, *inter alia*, that she relied to her detriment on a material misrepresentation made by the defendant. *See Sec. Investor Prot. Corp. v. BDO Seidman, LLP*, 222 F.3d 63, 71 (2d Cir.2000) ("[A] plaintiff may state a claim for fraudulent misrepresentation made to a third party if he alleges that he relied to his detriment on the defendant's misrepresentation and that the defendant intended the misrepresentation to be conveyed to him."). Schafler has failed to allege such facts, and, therefore, her claim was properly dismissed.

■ Plaintiff next contends that she was not given the requisite notice with respect to the nature and potential consequences of Summer's motion for summary judgment. A *pro se* litigant is entitled to specific notice of the consequences of failing to respond to a summary judgment motion and an explanation of what documents must be filed to oppose the motion before summary judgment may be entered against him. *See Vital v. Interfaith Med. Ctr.*, 168 F.3d 615, 620–21 (2d Cir.1999). Such notice may be given by either the district court or the opposing party. *Id.* at 621. The failure to give actual notice to a *pro se* litigant of the consequences of failing to respond to a summary judgment motion can constitute grounds for reversal. *See Sawyer v. Am. Fed'n of Gov't Employees*, 180 F.3d 31, 34–35 (2d Cir.1999) (collecting cases). But where a *pro se* litigant has demonstrated a clear understanding of the nature and consequences of a summary judgment motion, failure to provide proper notice will be deemed harmless. *See M.B. # 11072–054 v. Reish*, 119 F.3d 230, 232 (2d Cir.1997).

There is nothing in the record to indicate that either Summer or the district court gave Schafler notice of the nature and potential consequences of Summer's summary judgment motion. Nevertheless, we conclude that the absence of actual notice in this case was harmless because Schafler, who claims to have a law degree, clearly understood the consequences of the motion, as demonstrated by the lengthy opposition to summary judgment and cross-motion for summary judgment she filed. *See, e.g., id.* (finding that a *pro se* litigant who filed a 27–page declaration of facts with 104 pages of exhibits, a 40–page memorandum of law, and a cross-motion for summary judgment understood the nature and consequences of summary judgment). Schafler's understanding of the nature and consequences of a summary judgment motion may also be inferred from her involvement in three previous suits she filed in federal court, at least one of which was dismissed on summary judgment.

Schafler also appears to challenge the district court's dismissal of her claims for slander, libel, defamation, invasion of privacy, harassment, and intentional infliction of emotional distress as time-barred under New York's one-year statute of limitations. Plaintiff asserts that the defendant has continued his alleged tortious conduct, and that such incidents have occurred within the limitations period. The district court's decision, however, was, and could only be, based on the specific allegations contained in plaintiff's complaint, none of which alleged actionable conduct occurring within the limitations period.

■ Finally, in questioning the district court's impartiality, Schafler appears to be challenging the district court's denial of her motion seeking a recusal. Recusal motions are committed to the sound discretion of the district court, and this court will reverse such a decision only for an abuse of that discretion. *See United States v. Morrison,* 153 F.3d 34, 48 (2d Cir.1998); *United States v. Conte,* 99 F.3d 60, 65 (2d Cir.1996); *United States v. Lovaglia,* 954 F.2d 811, 815 (2d Cir.1992). Schafler's argument for recusal is based in part on the district court's ruling against her in a prior action filed by Schafler against Summer's counsel raising similar claims. The Supreme Court has held, however, that "judicial rulings alone almost never constitute a valid basis for a bias or partiality motion." *See Liteky v. United States,* 510 U.S. 540, 555, 114 S.Ct. 1147, 127 L.Ed.2d 474 (1994). Schafler also claims that the district court judge and Summer's attorney grew up in the same area and, therefore, that the district court's decision was based on favoritism and cronyism. Schafler further alleges that the district court judge was sexist and biased against her. We have found nothing in the record to support or substantiate any of these allegations. Therefore, the denial of the motion for recusal was not an abuse of discretion.

We have carefully considered plaintiff's remaining arguments and find them to lack merit for substantially the reasons stated in the district court's opinion. Accordingly, the judgment of the district court is **AFFIRMED.**