**James M. THOMSEN, Sr.,
Plaintiff–Appellant,**

v.

**COUNTY OF ERIE NEW YORK, Dennis T. Gorski, Former Erie County Executive, Erie County Sheriff's Department, Erie County District Attorney's Office, Patrick Gallivan, Erie County Sheriff, Frank Clark, Erie County District Attorney, Scott R. Patronik, Erie County Sheriff, Charles Tirone, Erie County Sheriff Detective, John Hillary, Erie County Sheriff, Michael A. Benson, Erie County Sheriff Chief, Thomas R. Staebell, Erie County Sheriff Chief, H. Mccarthy Gipson, Erie County Holding Center Superintendent, Candace Vogel, Assistant Prosecutors, Pauline Will, Assistant Prosecutors, Charles Sawyer, Erie**

County Attorney, WKBW Channel 7 News, 3rd Officer Who Beat Plaintiff, Erie County Medical Center, Unnamed Media Person, Carol Alaimo, Defendants–Appellees.

No. 06–0604–CV.

United States Court of Appeals, Second Circuit.

Nov. 2, 2006.

James M. Thomsen, Sr., Key West, FL, pro se.

Laurence K. Rubin, Erie County Attorney, (George Michael Zimmerman, First Assistant County Attorney, of counsel, on the brief), Buffalo, NY, for Defendants–Appellees.

Present: RALPH K. WINTER, JOSEPH M. McLAUGHLIN and CHESTER J. STRAUB, Circuit Judges.

## SUMMARY ORDER

AFTER ARGUMENT AND UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the judgment of the District Court is AFFIRMED.

Appellant James M. Thomsen, Sr., *pro se,* appeals from the judgment of the United States District Court for the Western District of New York (John T. Elfvin, *Judge* ), granting summary judgment in favor of the Appellants, and denying Thomsen's motion for partial summary judgment. We assume the parties are familiar with the facts, the procedural context, and the issues on appeal.

This Court reviews a district court's grant of summary judgment *de novo,* con-

sidering whether the district court properly concluded that there were no genuine issues of material fact and the moving party was entitled to judgment as a matter of law. *See Miller v. Wolpoff & Abramson, L.L.P.,* 321 F.3d 292, 300 (2d Cir. 2003). In determining whether there are genuine issues of material fact, this Court is "required to resolve all ambiguities and draw all permissible factual inferences in favor of the party against whom summary judgment is sought." *Terry v. Ashcroft,* 336 F.3d 128, 137 (2d Cir.2003) (internal quotations omitted).

■ As a preliminary matter, Thomsen did *not* receive notice of the summary judgment motion by the Appellees that clearly described the requirements of Fed. R.Civ.P. 56(e) and explained the manner in which he may oppose the motion. *See Vital v. Interfaith Medical Ctr.,* 168 F.3d 615, 620 (2d Cir.1999). Nevertheless, we conclude that the District Court properly acted upon the Appellees' motion for summary judgment because Thomsen's motion for partial summary judgment and his response to the Appellees' motion demonstrate that he understood the nature of his adversaries' summary judgment motion and the consequences of not properly opposing it. *See M.B. # 11072–054 v. Reish,* 119 F.3d 230, 232 (2d Cir.1997); *see also Sawyer v. Am. Fed'n of Gov't Employees,* 180 F.3d 31, 35 (2d Cir.1999). Thus, for the reasons set forth by the District Court in its opinion, we conclude that the District Court properly granted the Appellees' motion for summary judgment. Additionally, as the Sixth Amendment does not provide a right to legal counsel in a civil matter, Thomsen's ineffective assistance of counsel claim is meritless. *See United States v. Coven,* 662 F.2d 162, 176 (2d Cir.1981). Finally, to the extent that Thomsen challenges the constitutionality of NYPL § 240.30, the claim is dismissed because

Thomsen failed to raise the claim below. *See Singleton v. Wulff,* 428 U.S. 106, 120–21, 96 S.Ct. 2868, 49 L.Ed.2d 826 (1976).

The judgment of the District Court is hereby **AFFIRMED.**