SUMMARY ORDER

Appellant appeals from the district court’s May 9, 2008 order dismissing his amended complaint of employment discrimination based on race, color, and religion under Title VII of the Civil Rights Act of 1964, and granting summary judgment to Appellees. We presume the parties’ familiarity with the facts and the procedural history.
This Court reviews orders granting summary judgment de novo and determines whether the district court properly concluded there was no genuine issue as to any material fact and the moving party was entitled to judgment as a matter of law. See Cronin v. Aetna, Life Ins. Co., 46 F.3d 196, 202-03 (2d Cir.1995).
“A district court may not convert a motion under Fed.R.Civ.P. 12(b)(6) into a Rule 56 motion for summary judgment without sufficient notice to an opposing party and an opportunity for that party to respond.” Groden v. Random House, Inc., 61 F.3d 1045, 1052 (2d Cir.1995); see In re G. & A. Books, Inc., 770 F.2d 288, 294-95 (2d Cir.1985). When a party is proceeding pro se, “ ‘[njotice is particularly important’ because the pro se litigant ‘may be unaware of the consequences of his failure to offer evidence bearing on triable issues.’ ” Hernandez v. Coffey, 582 F.3d 303, 307 (2d Cir.2009) (quoting Beacon Enters., Inc. v. Menzies, 715 F.2d 757, 767 (2d *549 Cir.1983)). Thus, pro se litigants “must have ‘unequivocal’ notice of the meaning and consequences of conversion to summary judgment.” Id. at 307-08 (citing Beacon Enters., Inc., 715 F.2d at 767). “ ‘The failure of a district court to apprise pro se litigants of the consequences of failing to respond to a motion for summary judgment is ordinarily grounds for reversal.’ ” Vital v. Interfaith Med. Ctr., 168 F.3d 615, 620 (2d Cir.1999) (quoting Ruoto-lo v. IRS, 28 F.3d 6, 8 (2d Cir.1994) (per curiam)).
Where the proper notice has not been given, the question is “whether from all of the circumstances, including the papers filed by the pro se litigant, it is reasonably apparent that the litigant understood the nature of the adversary’s summary judgment motion and the consequences of not properly opposing it.” Sawyer v. Am. Fed’n of Gov’t Employees, 180 F.3d 31, 35 (2d Cir.1999) (discussing Vital, 168 F.3d at 620). The failure to provide notice is considered harmless where the pro se litigant’s subsequent actions demonstrate an understanding of the procedure for summary judgment motions. See M.B. #11072-054 v. Reish, 119 F.3d 230, 232 (2d Cir.1997) (per curiam) (finding that a pro se litigant who filed a 27-page declaration of facts with 104 pages of exhibits, a 40-page memorandum of law, a cross-motion for summary judgment, and a request for additional discovery understood the nature and consequences of summary judgment). However, the “mere fact that the pro se litigant has made some response to the motion for summary judgment is not dispositive where neither his response nor other parts of the record reveal that he understood the nature of the summary judgment process.” Vital, 168 F.3d at 621.
Here, the district court’s order converting the defendant’s motion to dismiss to one for summary judgment did not fully apprise Appellant “of the consequences of failing to respond to a motion for summary judgment.” Id. at 620. Moreover, Appellant’s response to the district court’s order did not show sufficient understanding of the nature and consequences of the proceeding for us to deem the lack of notice to be harmless.
For the reasons stated above, the judgment of the district court is VACATED, and we REMAND to the district court to conduct further proceedings in accordance with this decision. Upon remand the district court may wish to consider whether to appoint counsel for plaintiff from among the attorneys on the district court’s pro bono panel.