08-5032-pr
Liggins v. Griffo

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO SUMMARY ORDERS FILED AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY THIS COURT'S LOCAL RULE 32.1 AND FEDERAL RULE OF APPELLATE PROCEDURE 32.1. IN A BRIEF OR OTHER PAPER IN WHICH A LITIGANT CITES A SUMMARY ORDER, IN EACH PARAGRAPH IN WHICH A CITATION APPEARS, AT LEAST ONE CITATION MUST EITHER BE TO THE FEDERAL APPENDIX OR BE ACCOMPANIED BY THE NOTATION: "(SUMMARY ORDER)." A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF THAT SUMMARY ORDER TOGETHER WITH THE PAPER IN WHICH THE SUMMARY ORDER IS CITED ON ANY PARTY NOT REPRESENTED BY COUNSEL UNLESS THE SUMMARY ORDER IS AVAILABLE IN AN ELECTRONIC DATABASE WHICH IS PUBLICLY ACCESSIBLE WITHOUT PAYMENT OF FEE (SUCH AS THE DATABASE AVAILABLE AT HTTP://WWW.CA2.USCOURTS.GOV/). IF NO COPY IS SERVED BY REASON OF THE AVAILABILITY OF THE ORDER ON SUCH A DATABASE, THE CITATION MUST INCLUDE REFERENCE TO THAT DATABASE AND THE DOCKET NUMBER OF THE CASE IN WHICH THE ORDER WAS ENTERED.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 16th day of December, two thousand nine.

PRESENT:
> Robert A. Katzmann,
> Debra Ann Livingston,
> Gerard E. Lynch,
> > *Circuit Judges.*

_____

Jason Liggins,

> *Plaintiff-Appellant,*

> v.                                                          08-5032-pr

Lt. Griffo, Watch Commander, *et al.*,

> *Defendants-Appellees.*

_____

FOR APPELLANT:          Jason Liggins, *pro se*, Gouverneur, N.Y.

FOR APPELLEES:          Bartle J. Gorman Esq., Gorman, Waszkiewicz, Gorman & Schmitt, Utica, N.Y.

Appeal from a judgment of the United States District Court for the Northern District of New York (Kahn, *J.*).

UPON DUE CONSIDERATION, it is hereby ORDERED, ADJUDGED, and DECREED, that the judgment of the district court be and hereby is AFFIRMED.

Appellant Jason Liggins, *pro se,* appeals from the judgment of the district court entered in favor of the Appellees in his 42 U.S.C. § 1983 action.  Liggins argues that the district court erred in granting summary judgment on his claim of deliberate indifference to his safety and security, and in granting qualified immunity on this claim.  To the extent Liggins raised additional claims in the district court, those claims have been abandoned because he did not raise them in his brief to this Court.  *See Norton v. Sam's Club*, 145 F.3d 114, 117 (2d Cir. 1998).  We assume the parties' familiarity with the underlying facts and procedural history of the case.[1]

---

[1]Although the parties do not raise this issue, our review of the record does not reveal that Liggins received notice of the requirements of a response to the Appellees' cross-motion for summary judgment, or of the consequences of failing to properly oppose that motion.  Failure to provide such notice does not require reversal, however, if there is a "clear indication" that the *pro se* litigant understood the nature or consequences of such a motion, *see Hernandez v. Coffey*, 582 F.3d 303, 308 (2d Cir. 2009) (internal quotation marks omitted).

Liggins filed his own motion for summary judgment, complete

2

We review a district court's grant of summary judgment *de novo*, construing the evidence in the light most favorable to the non-moving party. *See Miller v. Wolpoff & Abramson, L.L.P.*, 321 F.3d 292, 300 (2d Cir. 2003). We must determine whether the district court properly concluded that there were no genuine issues of material fact and the moving party was entitled to judgment as a matter of law. *Id.*

Claims involving the conditions of pre-trial detention are properly analyzed under the Due Process Clause of the Fourteenth Amendment. *See Bell v. Wolfish*, 441 U.S. 520, 535 n.16 (1979). However, we have determined that "[c]laims for deliberate indifference to a . . . serious threat to the health or safety of a person in custody should be analyzed under the same standard irrespective of whether they are brought under the Eighth or Fourteenth Amendment." *Caiozzo v. Koreman*, 581 F.3d 63, 72 (2d Cir. 2009).

The "Eighth Amendment requires prison officials to take reasonable measures to guarantee the safety of inmates in their custody." *Hayes v. New York City Dep't of Corr.*, 84 F.3d 614,

---

with a statement of material facts supported by exhibits, and a memorandum of law. Liggins also filed a response to the Appellees' cross-motion for summary judgment, and included a detailed rebuttal to the Appellees' statement of material facts along with citations to the record. Accordingly, we find that Liggins understood the nature and consequences of summary judgment. *See M.B. #11072-054 v. Reish*, 119 F.3d 230, 232 (2d Cir. 1997) (per curiam).

620 (2d Cir. 1996). Moreover, "prison officials are liable for harm incurred by an inmate if the officials acted with deliberate indifference to the safety of the inmate." *Id.* (internal quotation marks omitted). We have identified two factors that determine deliberate indifference: "First, the plaintiff must demonstrate that he is incarcerated under conditions posing a substantial risk of serious harm. Second, the plaintiff must demonstrate that the defendant prison officials possessed sufficient culpable intent." *Id.*

Here, Liggins was not incarcerated under conditions posing a substantial risk of serious harm. Liggins was held under "23 and 1" supervision in which he spent 23 hours each day in his cell, and only one hour outside of it. The other inmates on Liggins's block were held under the same conditions, and all inmates were under constant supervision by prison officials. Although Liggins argues that his transfer from one block to another placed him in greater danger of harm, the transfer actually moved Liggins away from the sole inmate on his "keep separate" list. Finally, although Liggins was assaulted by another inmate while showering, a prison employee was supervising Liggins's shower and interceded to end the assault.

In addition, the Appellees lacked sufficient culpable intent. Liggins claims that he warned several Appellees that his

4

transfer exposed him to greater risk of harm from other inmates, but prison officials met with Liggins to hear his concerns and emphasize that his "23 and 1" supervision minimized his potential contact with other inmates.  Further, as discussed above, Liggins was under supervision at the time of the assault, and there is no indication that the prison employee supervising his shower deliberately permitted the assault to occur.

Since there was no violation of Liggins's constitutional rights, it is unnecessary to address Appellee's defense of qualified immunity.

We have considered Appellant's remaining arguments on appeal and find them to be without merit.

For the foregoing reasons, the judgment of the district court is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

By:_____

5