**Dwight Rodger GRAVES, Jr.,**
**Plaintiff–Appellant,**

v.

**CORRECTIONAL MEDICAL**
**SERVICE and Dr. Diasis,**
**Defendants–Appellees,**

**Sheriff O'Flynn, Defendant.**

**15–1621**

United States Court of Appeals,
Second Circuit.

June 24, 2016

For Appellant: Dwight Rodger Graves, Jr., pro se, Coxsackie, NY.

For Appellees: Paul A. Sanders, Barclay Damon, LLP, Rochester, NY.

PRESENT: RICHARD C. WESLEY, DEBRA ANN LIVINGSTON, GERARD E. LYNCH, Circuit Judges.

## SUMMARY ORDER

Plaintiff–Appellant Dwight Rodger Graves, Jr., proceeding *pro se*, appeals from the judgment of the District Court dismissing, on summary judgment, his 42 U.S.C. § 1983 suit alleging deliberate indifference to his serious medical needs. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

We must determine whether Graves has waived appellate review of his claims by failing to object to the March 13, 2015 Report and Recommendation of the Magistrate Judge. "We have adopted the rule that failure to object timely to a magistrate judge's report may operate as a waiver of any further judicial review of the decision, as long as the parties receive clear notice of the consequences of their failure to object." *United States v. Male Juvenile (95–CR–1074)*, 121 F.3d 34, 38 (2d Cir. 1997). This rule applies with equal force to *pro se* litigants. *See Small v. Sec'y of Health & Human Servs.*, 892 F.2d 15, 16 (2d Cir. 1989) (per curiam). Notice is sufficient if it "(a) informs the *pro se* litigant that the failure to object to the report within ten days will result in the waiver of further judicial review and (b) cites pertinent statutory and civil rules authority." *Frank v. Johnson*, 968 F.2d 298, 299 (2d Cir. 1992).

Here, the Report and Recommendation adequately notified Graves of the deadline for filing objections and of the fact that failure to object would " 'waive[ ] any right to further judicial review' " of the magistrate judge's decision. Suppl. App. 285 (quoting *Wesolek v. Canadair Ltd.*, 838 F.2d 55, 58 (2d Cir. 1988)). Therefore, Graves waived appellate review by failing to object to the Report and Recommendation. While "we 'may excuse the default in the interests of justice,' " we decline to do so here, because Graves's arguments on appeal lack "substantial merit," and we have found no plain error committed by the District Court.[1] *Spence v. Superintendent, Great Meadow Corr. Facility*, 219 F.3d 162, 174 (2d Cir. 2000) (quoting *Thomas v. Arn*, 474 U.S. 140, 155, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985)).

Accordingly, we **AFFIRM** the judgment of the District Court.

---

1. In addition, Appellees failed to provide Graves with notice of the consequences of failing to respond adequately to a summary judgment motion. Failure to give such notice "will usually constitute grounds for vacatur." *Jova v. Smith*, 582 F.3d 410, 414 (2d Cir. 2009) (per curiam). However, where "a pro se litigant has demonstrated a clear understanding of the nature and consequences of a summary judgment motion and 'the need to set forth all available evidence demonstrating a genuine dispute over material facts,' failure to provide proper notice will be deemed harmless." *Id.* (quoting *M.B. # 11072–054 v. Reish*, 119 F.3d 230, 232 (2d Cir. 1997) (per curiam)). In this case, as the District Court properly concluded, "the nature of the papers submitted by [Graves] and the assertions made therein" demonstrated that he possessed a clear understanding of his obligations and "the nature of the summary judgment process" and of the requirements for preserving factual issues for trial. *Vital v. Interfaith Med. Ctr.*, 168 F.3d 615, 621 (2d Cir. 1999). Accordingly, the failure to provide Graves with notice was harmless.