15-1621
*Graves v. Corr. Med. Serv.*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 24th day of June, two thousand sixteen.

PRESENT:
RICHARD C. WESLEY,
DEBRA ANN LIVINGSTON,
GERARD E. LYNCH,
*Circuit Judges.*

_____

DWIGHT RODGER GRAVES, JR.,

*Plaintiff-Appellant,*

-v.-                                               15-1621

CORRECTIONAL MEDICAL SERVICE
and DR. DIASIS,

*Defendants-Appellees,*

SHERIFF O'FLYNN,

*Defendant.*

---

FOR APPELLANT**:**        Dwight Rodger Graves, Jr., *pro se*, Coxsackie, NY.

FOR APPELLEES**:**        Paul A. Sanders, Barclay Damon, LLP, Rochester, NY.

Appeal from a judgment of the United States District Court for the Western District of New York (Arcara, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Plaintiff-Appellant Dwight Rodger Graves, Jr., proceeding *pro se*, appeals from the judgment of the District Court dismissing, on summary judgment, his 42 U.S.C. § 1983 suit alleging deliberate indifference to his serious medical needs. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

We must determine whether Graves has waived appellate review of his claims by failing to object to the March 13, 2015 Report and Recommendation of the Magistrate Judge. "We have adopted the rule that failure to object timely to a magistrate judge's report may operate as a waiver of any further judicial review

of the decision, as long as the parties receive clear notice of the consequences of their failure to object." *United States v. Male Juvenile (95-CR-1074)*, 121 F.3d 34, 38 (2d Cir. 1997). This rule applies with equal force to *pro se* litigants. *See Small v. Sec'y of Health & Human Servs.*, 892 F.2d 15, 16 (2d Cir. 1989) (per curiam). Notice is sufficient if it "(a) informs the *pro se* litigant that the failure to object to the report within ten days will result in the waiver of further judicial review and (b) cites pertinent statutory and civil rules authority." *Frank v. Johnson*, 968 F.2d 298, 299 (2d Cir. 1992).

Here, the Report and Recommendation adequately notified Graves of the deadline for filing objections and of the fact that failure to object would "'waive[] any right to further judicial review'" of the magistrate judge's decision. Suppl. App. 285 (quoting *Wesolek v. Canadair Ltd.*, 838 F.2d 55, 58 (2d Cir. 1988)). Therefore, Graves waived appellate review by failing to object to the Report and Recommendation. While "we 'may excuse the default in the interests of justice,'" we decline to do so here, because Graves's arguments on appeal lack "substantial merit," and we have found no plain error committed by the District

Court.[1]  *Spence v. Superintendent, Great Meadow Corr. Facility*, 219 F.3d 162, 174 (2d Cir. 2000) (quoting *Thomas v. Arn*, 474 U.S. 140, 155 (1985)).

Accordingly, we **AFFIRM** the judgment of the District Court.


FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

---

[1] In addition, Appellees failed to provide Graves with notice of the consequences of failing to respond adequately to a summary judgment motion.   Failure to give such notice "will usually constitute grounds for vacatur."  *Jova v. Smith*, 582 F.3d 410, 414 (2d Cir. 2009) (per curiam).   However, where "a pro se litigant has demonstrated a clear understanding of the nature and consequences of a summary judgment motion and 'the need to set forth all available evidence demonstrating a genuine dispute over material facts,' failure to provide proper notice will be deemed harmless."  *Id.* (quoting *M.B. # 11072-054 v. Reish*, 119 F.3d 230, 232 (2d Cir. 1997) (per curiam)).   In this case, as the District Court properly concluded, "the nature of the papers submitted by [Graves] and the assertions made therein" demonstrated that he possessed a clear understanding of his obligations and "the nature of the summary judgment process" and of the requirements for preserving factual issues for trial.  *Vital v. Interfaith Med. Ctr.*, 168 F.3d 615, 621 (2d Cir. 1999).   Accordingly, the failure to provide Graves with notice was harmless.