**Michael & Kathleen M. RUOTOLO,
Plaintiffs–Appellants,**

v.

**INTERNAL REVENUE SERVICE,
Defendant–Appellee.**

**No. 1920, Docket 94–6075.**

United States Court of Appeals,
Second Circuit.

Argued May 16, 1994.

Decided June 24, 1994.

Before: MINER, OAKES, Circuit Judges, and CARTER, District Judge.*

PER CURIAM:

Plaintiffs-appellants Michael and Kathleen M. Ruotolo (the "Ruotolos"), *pro se*, appeal from the judgment of the United States District Court for the District of Connecticut (Daly, J.), entered December 16, 1993, granting defendant's motion for summary judgment. The Ruotolos also appeal from the district court's March 7, 1994 order denying their motion for reconsideration. We reverse, because the Ruotolos, *pro se* litigants, were not advised of the consequences of not timely responding to a motion for summary judgment before the district court granted the motion in defendant's favor. We need not address the district court's denial of the Ruotolos' motion for reconsideration.

## BACKGROUND

The relevant facts of this case are as follows: On April 8, 1993, the Ruotolos filed suit under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, claiming that the Internal Revenue Service ("IRS") District Director for the Hartford District had unlawfully withheld from them records or parts thereof which, they contend, were not exempt. Specifically, the Ruotolos sought to require the IRS: (1) to make a "determination" within the meaning of 5 U.S.C. § 552(a)(6)(A); (2) to produce a *Vaughn* Index [1]; (3) to produce the records which had not been available to them; and (4) to pay reasonable attorney's fees and other litigation costs. At that time, the Ruotolos had retained counsel, who has since withdrawn from the case. On June 2, 1993, following plaintiffs' motion filed on April 23, 1993, the district court granted the Ruotolos' request for a *Vaughn* Index. On that same date, the district court filed an order specifying what

Michael and Kathleen M. Ruotolo, plaintiffs-appellants pro se.

Loretta C. Argrett, Asst. Atty. Gen., Washington, DC (Gary R. Allen, Jonathan S. Cohen, Murray S. Horwitz, Attorneys Tax Div., Dept. of Justice, Christopher F. Droney, U.S. Atty., of counsel) for appellee.

* Honorable Robert L. Carter, of the United States District Court for the Southern District of New York, sitting by designation.

1. In *Vaughn v. Rosen*, 484 F.2d 820 (D.C.Cir. 1973), *cert. denied*, 415 U.S. 977, 94 S.Ct. 1564, 39 L.Ed.2d 873 (1974), in order to remedy the perceived defects with the methods and means by which the lower courts had been dealing with FOIA disclosure suits, the court ordered the

agency seeking to withhold the documents to supply a detailed justification for exemption claims and an itemization and indexing of documents which would correlate the justifications for refusal to disclose actual documents or portions of documents. *See Vaughn*, 484 F.2d at 826–828. Orders of this sort have come to be known as *Vaughn* indexing orders.

the *Vaughn* Index should contain, and the date, June 25, 1993, by which the IRS was required to comply with its order.

On August 31, 1993, after being granted two extensions by the district court, the IRS filed a document entitled "Document Index," i.e. its *Vaughn* Index. On September 14, 1993, the Ruotolos filed a motion to compel the production of the *Vaughn* Index, asserting that the document produced by the IRS did not comply with the district court's order of June 2, 1993.

On November 8, 1993, the IRS filed a motion for summary judgment. On December 7, 1993, the day before they thought their response was due, the Ruotolos contacted the IRS seeking agreement for an extension for them to respond to the IRS motion. The IRS refused this request, despite the fact that it had received two extensions from the district court. On December 8, 1993, the Ruotolos filed a motion for an extension of time to respond to defendant's motion for summary judgment. By Endorsement entered December 14, 1993, the district court denied the Ruotolos' motion as moot, noting that it had already granted defendant's motion for summary judgment on December 6, 1993, "in the absence of any timely filed objection. *See* Local Rule 9(a)...." (App. at 330.) On December 15, 1993, the district court filed its judgment granting the IRS's motion for summary judgment, which judgment was entered on December 16, 1993.

### DISCUSSION

■■■ Civil Procedure Rule 9(a) of the Local Rules for the United States District Court for the District of Connecticut ("Local Rule 9(a)") states that "all memoranda in opposition to any motion shall be filed within twenty-one (21) days of the filing of the motion.... Failure to submit a memorandum in opposition to a motion may be deemed sufficient cause to grant the motion...." Relying on that rule, and on the fact that the Ruotolos had failed to file a response to the IRS's motion within 21 days as so required, the district court granted summary judgment in favor of the IRS. However, the district court had never advised the Ruotolos, who represented themselves at this stage of the litigation, of the consequences of not responding to the IRS's motion within the 21 day limitation provided in Local Rule 9(a). The failure of a district court to apprise *pro se* litigants of the consequences of failing to respond to a motion for summary judgment is ordinarily grounds for reversal. *Sellers v. M.C. Floor Crafters, Inc.*, 842 F.2d 639, 642 (2d Cir.1988) (citing, *inter alia, Maggette v. Dalsheim*, 709 F.2d 800, 802–03 (2d Cir.1983) and *Beacon Enterprises, Inc. v. Menzies*, 715 F.2d 757, 767–68 (2d Cir.1983)).

Although the district court acted precipitously in granting the IRS's motion, it reasonably assumed that the Ruotolos had notice of both the requirements of Local Rule 9(a) and the consequences of not responding to a motion for summary judgment. First, the Ruotolos cited to Local Rule 9(a) in at least two memoranda filed with the district court. Second, the Ruotolos presumably received a Notice to Counsel from the District of Connecticut Clerk's Office specifically alerting counsel and *pro se* litigants that motions for summary judgment would be granted unless the opposing party set forth specific facts to demonstrate the existence of a genuine issue for trial. (*See* Def.Br. at 26.)

Still, notwithstanding the soundness of these assumptions, the district court never expressly notified the Ruotolos of the consequences of not complying with the time limitations of Local Rule 9(a). Recognizing that the Ruotolos were acting *pro se*, the district court should have afforded them special solicitude before granting the IRS's motion for summary judgment. *See Graham v. Lewinski*, 848 F.2d 342, 344 (2d Cir.1988). It had an obligation to make certain that the Ruotolos were aware of and understood the consequences to them of their failure to comply with the Local Rules.

Moreover, the Ruotolos' explanation of their mistake illustrates their confusion over the nature of the summary judgment proceedings. They claim that their failure to file a timely response to the IRS's motion for summary judgment was due to their ignorance of the requirements of Local Rule 9(a) and their understanding that a response to the IRS's motion was due on December 8,

1993. This misunderstanding, the Ruotolos contend, stemmed from "the fact that the discovery deadline in this case was October 8, 1993 and the Summary Judgement deadline was November 8, 1993." (App. at 353.) Because the IRS was allowed thirty days to file a summary judgment motion, the Ruotolos assumed they had thirty days to respond. (*Id.* at 353–354). We believe the district court should have expressly advised the Ruotolos that pursuant to the Local Rules their opposition to the IRS motion for summary judgment had to be submitted within 21 days of the IRS's filing of its motion. The court's failure to do so requires reversal.

Throughout this litigation, it appears that the Ruotolos have otherwise diligently adhered to the filing procedures and the rules of the United States District Court for the District of Connecticut. Indeed unlike their IRS adversary, the Ruotolos' had not formally sought a single extension in this case, until their request for additional time to reply to the IRS's motion for summary judgment. It seems inequitable, then, that the Ruotolos' one misstep should result in the granting of summary judgment against them without at least their being allowed to respond.

Therefore, because the Ruotolos did not understand the district court's procedure with respect to summary judgment motions, and because the district court did not expressly inform them of the consequences of not filing a timely response to the IRS's motion, the district court's order granting summary judgment for defendant must be reversed. Accordingly, we reverse and remand for further proceedings not inconsistent with this opinion.