**Ronald BOURDON, Plaintiff–Appellant,**

v.

**Thomas LOUGHREN, Chenango County Sheriff, Vincent Marcenelli, Chenango County Undersheriff, Sergeant Robinson, Chenango County Deputy Sheriff, & Henry Campbell, Chenango County Deputy Sheriff, Defendants–Appellees.**

**Docket No. 00–0098.**

United States Court of Appeals, Second Circuit.

April 6, 2001.

Ronald Bourdon, Auburn, NY, pro se.

Leslie K. Arfine, Boeggeman, George, Hodges & Corde, P.C., White Plains, NY, for appellees.

Present OAKES, STRAUB, Circuit Judges, and RAKOFF,* District Judge.

## SUMMARY ORDER

AFTER SUBMISSION AND UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the judgment of the District Court is hereby VACATED, and the matter is REMANDED.

Plaintiff-appellant Ronald Bourdon appeals from a judgment of the United States District Court for the Northern District of New York (Frederick J. Scullin, Jr., *Judge*) granting the defendants-appellees' motion for summary judgment and dismissing his complaint, which alleged that the defendants violated 42 U.S.C. § 1983 by denying him access to the courts.

On July 11, 1997, Mr. Bourdon was convicted in the Chenango County Court of driving while intoxicated and aggravated unlicensed operation of a motor vehicle in the first degree. Prior to his conviction, Mr. Bourdon submitted written requests to the Chenango County Jail, where he was incarcerated, for legal materials from the law library so that he could prepare a *pro se* motion to dismiss his indictment. His requests were denied because he was represented by counsel at the time. Mr. Bourdon also alleges that it took four days for jail officials to provide him with the services of a notary public, resulting in the denial of his motion to dismiss his indictment.

On January 24, 1997, Mr. Bourdon filed this § 1983 action in the United States District Court for the Northern District of New York against the following law enforcement officials in their individual and official capacities: Thomas Loughren, Chenango County Sheriff, Vincent Marcenelli, Chenango County Undersheriff, Sergeant Robinson, Chenango County Deputy Sheriff, and Henry Campbell, Chenango County Deputy Sheriff (collectively, the "defendants"). Mr. Bourdon alleged that the defendants violated his Sixth and Fourteenth Amendment rights by denying him access to legal materials, by providing an inadequate law library that consisted of outdated materials and untrained staff, and by failing to provide him with the services of a notary public in a timely fashion.

On May 19, 1998, Mr. Bourdon moved for summary judgment. The defendants opposed that motion and cross-moved for summary judgment. The District Court referred the motions to then-Magistrate Judge David N. Hurd for a report and recommendation. On July 8, 1998, the Magistrate Judge recommended denying Mr. Bourdon's motion, granting summary judgment in favor of the defendants, and dismissing Mr. Bourdon's complaint. The Magistrate Judge found that Mr. Bourdon could not demonstrate that the alleged inadequacies in the law library and notary services at the Chenango County Jail had resulted in any actual injury to Mr. Bourdon, and thus that no reasonable jury could conclude that Mr. Bourdon's consti-

---

* The Honorable Jed S. Rakoff, of the United States District Court for the Southern District of New York, sitting by designation.

tutional right of access to the courts had been violated. After Mr. Bourdon filed objections to the Magistrate Judge's report and recommendations, the District Court issued a memorandum and order on March 6, 2000, in which it adopted the Magistrate Judge's report and recommendation and dismissed Mr. Bourdon's complaint in its entirety. This timely appeal followed. For the reasons that follow, we vacate the judgment of the District Court.

■ We have consistently held that " '[t]he failure of a district court to apprise *pro se* litigants of the consequences of failing to respond to a motion for summary judgment is ordinarily grounds for reversal.' " *Vital v. Interfaith Med. Ctr.*, 168 F.3d 615, 620 (2d Cir.1999) (quoting *Ruotolo v. IRS*, 28 F.3d 6, 8 (2d Cir.1994) (per curiam)). This requirement results from our recognition that "it is not obvious to a layman that a motion for summary judgment supported by affidavits requires a response supported by similar affidavits in order to preserve factual disputes for trial." *Sawyer v. Am. Fed'n of Gov't Employees*, 180 F.3d 31, 34 (2d Cir.1999) (citing *Graham v. Lewinski*, 848 F.2d 342, 344 (2d Cir.1988)). A district court is not required to explain the nature of summary judgment to a *pro se* litigant, however, in two circumstances: (1) where the *pro se* litigant's adversary "has already provided the litigant with requisite notice, or (2) where the record otherwise makes clear that the litigant understood the nature and consequences of summary judgment." *Vital*, 168 F.3d at 621 (internal citations omitted).

■ In the present case, there is no indication that either the District Court or the defendants provided Mr. Bourdon with any notice of the nature or consequences of summary judgment. Accordingly, the issue here is whether Mr. Bourdon "otherwise understood that in order to avoid summary judgment he needed to submit affidavits or other documentary evidence in support of every assertedly genuine issue of material fact in his claim." *McPherson v. Coombe*, 174 F.3d 276, 281 (2d Cir.1999). While Mr. Bourdon's pleadings evince a better understanding of the summary judgment device than some other *pro se* litigants who we have held lacked adequate comprehension of summary judgment, we cannot conclude that he possessed the level of understanding required by our cases to obviate the need for an explanation from the District Court.

We have reversed orders granting summary judgment where a *pro se* party received no notice of the nature and consequences of summary judgment and entirely failed to respond to his opponent's motion for summary judgment. *See, e.g., Ruotolo*, 28 F.3d at 8–9; *Sellers v. M.C. Floor Crafters, Inc.*, 842 F.2d 639, 642 (2d Cir.1988). Here, Mr. Bourdon not only filed a response to the defendants' motion for summary judgment with a supporting affidavit, but he also filed a summary judgment motion of his own before the defendants did. Additionally, Mr. Bourdon's affidavit in support of his motion for summary judgment cites Federal Rule of Civil Procedure 56. Thus, it is clear that Mr. Bourdon understood the summary judgment process better than the *pro se* litigants in *Ruotolo* and *Sellers*, who failed to respond in any way to their opponent's motions for summary judgment.

Nonetheless, it does not appear that Mr. Bourdon understood the nature and consequences of summary judgment to the same degree as the *pro se* litigants in cases in which we have held that the district court was not required to give notice. In *M.B. # 11072–054 v. Reish*, 119 F.3d 230, 232 (2d Cir.1997) (per curiam), we held that a *pro se* litigant had adequate notice of the consequences of summary judgment where the litigant: (1) filed a 27

page declaration of facts with 104 pages of exhibits in response to his adversary's motion for summary judgment; (2) filed a 40 page memorandum of law and a cross-motion for summary judgment; (3) filed a counterstatement of facts pursuant to local rules in the Southern District of New York; and (4) argued in his court filings that "there seems to exist a material issue of fact which presents a genuine issue to be tried, which precludes summary judgment." We reached the same result in *Sawyer*, 180 F.3d at 36, where a *pro se* litigant opposed summary judgment by attempting to show specific factual errors in his adversary's motion.

In contrast to the *pro se* parties in *M.B.* and *Sawyer*, Mr. Bourdon merely cited Rule 56 and filed a one and one-half page response to the defendants' motion for summary judgment that consisted of his assertion that the motion was "frivolous" but did not allege that there were material facts in dispute. While Mr. Bourdon's pleadings indicate that he was aware of the existence of Rule 56, it can hardly be said that "he understood that[,] in order to oppose summary judgment[,] Rule 56 requires that he submit ... affidavits and other documentary evidence that support his claim, so as to raise a genuine issue of fact as to every material element of the claim, and thereby preserve the case for trial." *McPherson*, 174 F.3d at 281. Under these circumstances, the District Court should have informed Mr. Bourdon of what is required to oppose effectively a motion for summary judgment.

For the reasons provided above, the judgment of the District Court is VACATED and the case is REMANDED to the District Court for proceedings consistent with this summary order.