**Denise JACKSON, Plaintiff–Appellant,**

v.

**NOR LOCH MANOR HCF,**
**Defendant–Appellee.**

No. 04–0689.

United States Court of Appeals,
Second Circuit.

April 26, 2005.*

---

* Withdrawn and Superseded by 2005 WL 1403266.

Denise Jackson, Rochester, NY, for Appellant, pro se.

Albert R. Christiano, Rochester, NY, for Appellee.

** The Honorable Richard J. Holwell, of the United States District Court for the Southern District of New York, sitting by designation.

PRESENT: Hon. JAMES L. OAKES, Hon. CHESTER J. STRAUB, Circuit Judges, and Hon. RICHARD J. HOLWELL,** District Judge.

### SUMMARY ORDER

AFTER SUBMISSION AND UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the judgment of the District Court is hereby VACATED, and the matter is REMANDED.

Plaintiff-appellant Denise Jackson appeals from a judgment of the United States District Court for the Northern District of New York granting the defendant-appellee's motion for summary judgment and dismissing her complaint, which alleged employment discrimination on the bases of race and disability. We assume the parties' familiarity with the facts and the decision below.

On April 22, 2003, Nor Loch moved for summary judgment. One May 12, 2003, Jackson filed affidavits, by herself and her boyfriend, in opposition to Nor Loch's motion, along with supporting medical records. On January 20, 2004, the District Court granted Nor Loch's summary judgment motion and dismissed Jackson's case. This timely appeal followed. For the reasons that follow, we vacate the judgment of the District Court.

We have consistently held that " '[t]he failure of a district court to apprise *pro se* litigants of the consequences of failing to respond to a motion for summary judgment is ordinarily grounds for reversal.' " *Vital v. Interfaith Med. Ctr.*, 168 F.3d 615, 620 (2d Cir.1999) (quoting *Ruotolo v. IRS*, 28 F.3d 6, 8 (2d Cir.1994) (per curiam)).

This rule is necessary because "it is not obvious to a layman that a motion for summary judgment supported by affidavits requires a response supported by similar affidavits in order to preserve factual disputes for trial." *Sawyer v. Am. Fed'n of Gov't Employees*, 180 F.3d 31, 34 (2d Cir. 1999). A district court is not required to explain the nature of summary judgment to a *pro se* litigant, however, in two circumstances: (1) where the *pro se* litigant's adversary "has already provided the litigant with requisite notice, or (2) where the record otherwise makes clear that the litigant understood the nature and consequences of summary judgment." *Vital*, 168 F.3d at 621 (internal citations omitted).

In the present case, there is no indication that either the District Court or Nor Loch provided Jackson with any notice of the nature or consequences of summary judgment. Accordingly, the issue here is whether Jackson "otherwise understood that in order to avoid summary judgment [s]he needed to submit affidavits or other documentary evidence in support of every assertedly genuine issue of material fact in h[er] claim." *McPherson v. Coombe*, 174 F.3d 276, 281 (2d Cir.1999). While Jackson's pleadings evince some understanding of the summary judgment procedure, we cannot conclude that she possessed the level of understanding required by our cases. Specifically, Jackson's submissions contained no citation to Rule 56, and in no way indicated that she understood the need to provide evidence to rebut Nor Loch's statement of facts.

Accordingly, the judgment of the District Court is VACATED and the case is REMANDED to the District Court for proceedings consistent with this summary order.