**Victor L. YOUNG, Sr., Plaintiff–Appellant,** [*]

v.

**CITY OF SYRACUSE DEPARTMENT OF PUBLIC WORKS, Jeffrey Lopes, Jeffrey Wright, John Walsh, Defendants–Appellees.**

No. 07–4019–cv.

United States Court of Appeals, Second Circuit.

Jan. 21, 2009.

---

[*] The Clerk of Court is directed to amend the official caption in this case to conform to the listing of the parties above.

Victor L. Young, Sr., pro se.

Joseph Francis Bergh, Assistant Corporation Counsel, for Rory A. McMahon, Corporation Counsel of the City of Syracuse, Syracuse, N.Y. (submitted), for Appellee.

1. We construe plaintiff's *pro se* brief liberally. *See, e.g., Bertin v. United States,* 478 F.3d 489,

PRESENT: PIERRE N. LEVAL, JOSÉ A. CABRANES, and DEBRA ANN LIVINGSTON, Circuit Judges.

**SUMMARY ORDER**

Plaintiff-appellant Victor L. Young, Sr., proceeding *pro se,* appeals from an August 22, 2007 order of the District Court granting the summary judgment motion of defendant-appellee the City of Syracuse Department of Public Works in plaintiff's *pro se* action alleging employment discrimination on the basis of race. In its order, the District Court deemed defendant's statement of material facts admitted because plaintiff failed to file a timely response to defendant's motion for summary judgment. On appeal, plaintiff contends that the District Court erred because it did not afford him an adequate opportunity to respond to defendant's motion.[1] We assume the parties' familiarity with the facts and procedural history of the case.

We hold that the District Court erred in granting summary judgment. First, the record does not indicate that the District Court informed plaintiff, who was proceeding *pro se,* of the nature of summary judgment, of its potential consequences, or of the requirements of a response to summary judgment. *See Vital v. Interfaith Med. Ctr.,* 168 F.3d 615, 620 (2d Cir.1999) ("[T]he failure of a district court to apprise *pro se* litigants of the consequences of failing to respond to a motion to a motion for summary judgment is ordinarily grounds for reversal." (internal quotation marks omitted)); *Ruotolo v. IRS,* 28 F.3d 6, 8–9 (2d Cir.1994) (vacating an order granting summary judgment where *pro se* litigants were not adequately informed of

491 (2d Cir.2007).

514

"the nature of the summary judgment proceedings").

We note further that the District Court incorrectly instructed plaintiff that he could not allege injuries under both Title VII and 42 U.S.C. § 1983 based on the same facts. *See Patterson v. County of Oneida*, 375 F.3d 206, 225 (2d Cir.2004) ("A Title VII plaintiff is not precluded from bringing a concurrent § 1983 cause of action ... so long as the § 1983 claim is based on a distinct violation of a constitutional right." (internal quotation marks omitted)); *Jemmott v. Coughlin*, 85 F.3d 61, 67 (2d Cir.1996) (noting that " § 1983 is used as a *parallel* remedy with Title VII in a discrimination suit [as] the elements of the substantive cause of action are the same under both statutes." (citations omitted) (emphasis added)).

Accordingly, the August 22, 2007 order of the District Court is VACATED, and the cause is REMANDED for further proceedings consistent with this order. On remand, the District Court shall provide plaintiff with the opportunity to amend his complaint, should plaintiff desire to do so, to include allegations under Section 1983.