10-3968-pr
Jackson v. County of Rockland

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 23rd day of November, two thousand eleven.

PRESENT:
> ROGER J. MINER,
> ROSEMARY S. POOLER,
> BARRINGTON D. PARKER,
> *Circuit Judges.*

_____

Sharon Jackson,

*Plaintiff-Appellant*,

v.                                                     10-3968-pr

County of Rockland, Village of Spring Valley, Department of Justice, (DET.) Pete Thom, (RCTFO) Kevin Halligan, (RCTFO) Chris Goldrick, (GS) David Polos, (SA) Dennis Peterson, (SA) Daniel Parson, (SA) Michael Guidetti, (SA) Michael Clifford, (SA) William Dolinsky, (SA) Jason Daus, (SA) Matthew Ryan, (SA) Carolyn Porras, Joe Tokarz, (ET) D. Michael, (ET) Robin Powell, (AUSA) Christopher Cornniff, (AUSA) Mark A. Racanelli, (AUSA) Stanley Okula, (AUSA) Andrew M. McNella, James M. Parkison, Clerk of Court and several unknown judicial officers in their individual and professional capacities, (SA,

**NYFD) Edgar Domenech, (LNU) Richard G., (SA in Charge) Willi G. McMahon, (Forensic Chemists) L. Kinscherf, Cindy Nevello, and others unknown Lab Personnel in their individual and professional capacities, ESQ. Larry Sheehan, in his individual and professional capacities, (AD) William Stewart, (Attorney Advisor) D J. Stearns, (CIDUSM) Brian McHugh, and several unknown U.S. Marshals in their individual and professional capacities, (ET) L.S. Palminteri,**

*Defendants-Appellees*.

------------------------------------------------

FOR PLAINTIFF -APPELLANT: Sharon Jackson, *pro se*, Spring Valley, N.Y.

FOR FEDERAL DEFENDANTS
-APPELLEES: Joseph N. Cordaro, Benjamin H. Torrance, (Assistant United States Attorneys, of counsel), *for* Preet Bharara, United States Attorney for the Southern District of New York, New York, N.Y.

FOR DEFENDANT-APPELLEE
LARRY SHEEHAN: Lawrence John Sheehan, Esq., *pro se,* Bronx, N.Y.

FOR DEFENDANTS-APPELLEES COUNTY OF ROCKLAND AND (RCTFO) CHRIS GOLDRICK: Sheila S. Rosenrauch, Alan B. Brill, P.C., Suffern, N.Y.

FOR DEFENDANTS-APPELLEES VILLAGE OF SPRING VALLEY, (DET.) PETE THOM, (RCTFO) AND KEVIN HALLIGAN (RCTFO): Brian S. Sokoloff, Mark A. Radi, Sokoloff Stern, LLP, Westbury N.Y.

Appeal from a judgment of the United States District Court for the Southern District of New York (Karas, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Appellant Sharon Jackson, *pro se*, appeals from a July 28, 2010 judgment entered in the United States District Court for the Southern District of New York, dismissing her civil rights action on the Appellees' Federal Rule of Civil Procedure 12(b)(1) and 12(b)(6) motions to dismiss her second amended complaint. In her second amended complaint, Jackson asserted claims of false arrest, false imprisonment, and other violations under 42 U.S.C. §§ 1981, 1983, 1985, and the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1961-1968 against numerous state and federal agencies and officials. These claims arise from Jackson's December 2001 conviction in the District Court for the Southern District of New York for conspiracy to distribute narcotics. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

We review district court determinations on Rule 12(b)(1) and 12(b)(6) motions to dismiss *de novo*. *See Jaghory v. N.Y. State Dep't of Educ.*, 131 F.3d 326, 329 (2d Cir. 1997). Dismissal for lack of subject matter jurisdiction under Rule 12(b)(1) is proper "when the district court lacks the statutory or constitutional power to adjudicate it." *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000). With regard to pro se complaints, the court construes the complaint liberally, accepting all factual allegations in the complaint as true, and drawing all reasonable inferences in the plaintiff's favor. *See Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006). To survive a Rule 12(b)(6) motion to dismiss, the complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, __, 129 S. Ct. 1937, 1949 (2009). As explained by the Supreme Court, a "plausible" claim is "more than a sheer possibility that a defendant has acted unlawfully" but is less than a "probability requirement." *Iqbal*, 129 S. Ct. at 1949 (internal quotation marks omitted). Determining whether a complaint states a plausible claim is a "'context-specific task that requires the reviewing court to draw on its judicial experience and common sense.'" *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009) (quoting *Iqbal*, 129 S. Ct. at 1950). Thus, plausibility "depends on a host of considerations: the full factual picture presented by the complaint, the particular cause of action and its elements, and the existence of alternative explanations so obvious that they render [the] plaintiff's inferences unreasonable." *L-7 Designs, Inc. v. Old Navy, LLC*, 647 F.3d 419, 430 (2d Cir. 2011) (citation omitted). Additionally, even after *Iqbal* and *Twombly*, we remain obligated to construe *pro se* complaints liberally, *see Harris*, 572 F.3d at 72, and therefore we look to see whether a *pro se* complaint contains sufficient factual allegations to meet the plausibility standard by reading the complaint with "special solicitude" and interpreting it to raise the strongest claims it suggests, *Triestman*, 470 F.3d at 474-075 (quoting *Ruotolo v. I.R.S.*, 28 F.3d 6, 8 (2d Cir. 1994)).

We conclude that the second amended complaint fails to state claims upon which the relief Jackson seeks can be granted, even under the liberal standard of review for *pro se* pleadings.

3

At its heart of Jackson's second amended complaint sets forth claims of false arrest and false imprisonment based on her allegations that local and federal law enforcement officials, aided by the prosecuting Assistant United States Attorneys ("AUSAs") and Jackson's appointed defense counsel, falsified documents and fabricated evidence in order to arrest her on false charges of drug distribution. The defendants then conspired to present this falsified evidence, and to conceal exculpatory evidence, at her 2001 federal trial, which led to her conviction. Finally, the AUSAs, in an effort to keep Jackson in prison, conspired with United States Marshals to falsely accuse Jackson of threatening the life of a federal judge. According to the complaint, these actions were taken in order to discriminate against Jackson on account of her race, cover up "Operation Spring Cleaning," a joint federal-local operation designed to further the prosecution of "Blacks and Latinos within the Village of Spring Valley and the County of Rockland," and to retaliate against Jackson for refusing to cooperate in the prosecution of her co-defendant.

Jackson argues on appeal that these allegations were sufficient "to raise a plausible inference [that the Appelles engaged in] multiyear conspiratorial conduct and establish plausible claims that Appellees personally participated in the constitutional torts alleged." We disagree for several reasons. First, while the second amended complaint alleges that the defendants "falsified evidence" and conducted "illegal surveillance," nowhere does the complaint specify the actual evidence Jackson believes was falsified, why she believes the surveillance was illegal, or how either was used to convict her at trial. As these assertions lack any factual foundation, they are merely conclusory allegations "masquerading as factual conclusions," which are insufficient to defeat a motion to dismiss. *Kirch v. Liberty Media Corp.*, 449 F.3d 388, 398 (2d Cir. 2006) (quoting *Smith v. Local 819 I.B.T. Pension Plan*, 291 F.3d 236, 240 (2d. Cir.2002)). Second, while the second amended complaint provides instances of federal-local law enforcement cooperation in her arrest, Jackson's allegations that this cooperation was a conspiracy designed to deprive her and others of their constitutional rights are "conclusory, vague, [and] general" and therefore are also insufficient to withstand a motion to dismiss. *Gallop v. Cheney*, 642 F.3d 364, 369 (2d Cir. 2011) (finding allegations of conspiracy "baseless" where the plaintiff "offer[ed] not a single fact to corroborate her allegation of a 'meeting of the minds' among the conspirators"). The same is true of the alleged conspiracy between the AUSAs and the United States Marshals.

Finally, Jackson's reliance on *Swierkiewicz v. Sorema N.A.,* 534 U.S. 506, 511 (2002), for the proposition that, to survive a motion to dismiss, she was not required to provide "direct evidence of discrimination at the time of [her] complaint," is misplaced. In *Swierkiewicz*, a pre-*Iqbal*/*Twombly* decision, the Supreme Court held that a plaintiff alleging workplace discrimination and retaliation need not plead facts sufficient to set forth a *prima facie* case of discrimination and, instead, "the ordinary rules for assessing the sufficiency of a complaint apply." *Swierkiewicz*, 534 U.S. at 511. Here, applying these "ordinary rules" we find that Jackson's bald assertions of discrimination and retaliation, unsupported by any comments, actions, or examples of similarly-situated individuals outside of Jackson's protected class being treated differently, from which we could infer that the defendants possessed a discriminatory or retaliatory motive, are implausible and insufficient to survive a motion to dismiss. *See Iqbal*,

4

129 S. Ct. at 1951 (allegations that the defendants "willfully and maliciously agreed to subject" the plaintiff to harsh conditions of confinement "solely on account of...religion, race, and/or national origin" found conclusory (internal quotation marks omitted)).  Accordingly, we find that the district court did not err in dismissing Jackson's second amended complaint for failure to set forth plausible claims and therefore affirm on this ground.

Further, Jackson's argument that the district court improperly rejected any claims brought pursuant to the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 2671 *et seq.*, is without merit as it is undisputed that Jackson did not exhaust her FTCA claims in administrative proceedings, and therefore the district court lacked jurisdiction to consider them.  *See Adeleke v. United States*, 355 F.3d 144, 153 (2d Cir. 2004) (failure to exhaust administrative remedies is a jurisdictional bar to FTCA claims).

Finally, Appellee Lawrence John Sheehan, an attorney who has represented himself throughout these proceedings, moves for attorney's fees.  42 U.S.C. § 1988 governs the award of attorney's fees for actions, like the present one, brought under, inter alia, Sections 1981, 1983, and 1986 of Title 42. The Supreme Court has spoken clearly that a pro se litigant, whether or not he is a lawyer, may not receive attorney's fees under Section 1988. *Kay v. Ehrler*, 499 U.S. 432, 438 (1991). Attorney's fees must then be denied for his defense of those claims.  Further, by its own terms, attorney's fees are available in RICO actions only where a person is "injured in his business or property by reason of a violation of [RICO]." 18 U.S.C. § 1964(c).  Nothing about Sheehan's motion suggests that, as the prevailing *defendant* in a RICO action, he has suffered by such a violation.  Attorney's fees are, accordingly, unavailable to him.

We have considered all of Jackson's remaining arguments and find them to be without merit.  Accordingly, we **AFFIRM** the judgment of the district court. Appellee Sheehan's motion for attorney's fees is **DENIED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

5