11-3426-cv
McAllister v. Connecticut Renaissance Inc.

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

### SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY THIS COURT'S LOCAL RULE 32.1.1 AND FEDERAL RULE OF APPELLATE PROCEDURE 32.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 11ᵗʰ day of September, two thousand twelve.

Present:     GUIDO CALABRESI,
             SUSAN L. CARNEY,
                      *Circuit Judges*.[*]

---

DARRIN A. McALLISTER,

    *Plaintiff-Appellant,*

       v.                                                     No. 11-3426-cv

CONNECTICUT RENAISSANCE INC., GREATER BRIDGEPORT ADOLESCENT PREGNANCY PROGRAM INC., PATRICK McCAULIFFE, JOSEPH RIKER, LINDA MOSEL, BERNADETTE LYNCH-GUPTA, SARAH NICHOLS,

    *Defendants-Appellees.*

---

[*]The third judge originally assigned to the panel was unable to hear the case because of a health issue. In accordance with our local rules, the two remaining members of the panel, who are in agreement, have decided the case. *See* 28 U.S.C. § 46(d); 2d Cir. IOP E(b);*United States v. Desimone*, 140 F.3d 457, 458-59 (2d Cir. 1998).

Appearing for Appellant:                    DARRIN A. MCALLISTER, *pro se*,
                                            Bridgeport, CT


Appearing for Appellees Connecticut        RACHEL VOLKMAN KUSHEL, Durant,
Renaissance Inc., Joseph Riker, Linda      Nichols, Houston, Hodgson & Cortese-
Mosel, Patrick McCauliffe, and             Costa, P.C., Bridgeport, CT
Bernadette Lynch-Gupta:


Appearing for Appellees Greater            JEFFREY W. KENNEDY, Milano &
Bridgeport Adolescent Pregnancy            Wanat, LLC, Branford, CT
Program Inc. and Sarah Nichols:


Appeal from the United States District Court for the District of Connecticut (Warren W. Eginton, *Judge*). **ON CONSIDERATION WHEREOF,** it is hereby **ORDERED, ADJUDGED,** and **DECREED** that the judgment of the District Court be and it hereby is **AFFIRMED**.

Plaintiff-Appellant Darrin A. McAllister appeals from a judgment of the District Court granting (1) a motion to dismiss for failure to state a claim filed by Defendants-Appellees Greater Bridgeport Adolescent Pregnancy Program ("GBAPP") and Sarah Nichols; and (2) a motion to stay proceedings and compel arbitration filed by Defendants-Appellees Connecticut Renaissance, Inc. ("CTR"), Joseph Riker, Linda Mosel, Patrick McCauliffe, and Bernadette Lynch-Gupta.

McAllister's complaint (the "Complaint") alleged violations of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §§ 2000e to 2000e-17, and the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. §§ 12101 to 12213. We assume the parties' familiarity with the facts alleged in the Complaint, the

procedural history of the case, and the issues on appeal, which we refer to only as necessary to explain our decision.[1]

## A. GBAPP's Motion to Dismiss

We "review *de novo* [a] [d]istrict [c]ourt's dismissal of a complaint for failure to state a claim upon which relief can be granted, accepting all well-pleaded factual allegations in the complaint as true and drawing all inferences in favor of the plaintiff." *Lopez v. Jet Blue Airways*, 662 F.3d 593, 596 (2d Cir. 2011). To survive a motion to dismiss for failure to state a claim, a complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Although *pro se* complaints must contain sufficient factual allegations to meet the plausibility standard, *see Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), we look for such allegations by reading the complaint with "special solicitude" and interpreting it to raise the strongest claims it suggests, *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474-75 (2d Cir. 2006) (quoting *Ruotolo v. I.R.S.*, 28 F.3d 6, 8 (2d Cir. 1994)).

We have conducted a *de novo* review of the record in light of these principles and now affirm the district court's dismissal of McAllister's claims against GBAPP. Both Title VII and the ADA require some allegedly discriminatory action on the part of the employer defendant. *See* 42 U.S.C. § 2000e-2(a) (Title VII); 42 U.S.C. § 12112(a) (ADA). Even when read with the special solicitude we show *pro se* pleadings, however, the Complaint is devoid of any allegation suggesting that

---

[1]We note that McAllister does not challenge the district court's dismissal of his claims against the individual defendants.

GBAPP was McAllister's employer, much less that it played a role in any of the discriminatory conduct he alleges.

Because McAllister's claims against GBAPP therefore lack facial plausibility, we affirm the district court's dismissal of those claims.

### B.     CTR's Motion to Stay and Compel Arbitration

We review *de novo* a district court's "determination of arbitrability." *Gold v. Deutsche Aktiengesellschaft*, 365 F.3d 144, 147 (2d Cir. 2004).

The Federal Arbitration Act, 9 U.S.C. §§ 1 to 16, "establishes a national policy favoring arbitration when the parties contract for that mode of dispute resolution." *Preston v. Ferrer*, 552 U.S. 346, 349 (2008). To determine whether an action should be dismissed in favor of arbitration, we consider four factors: (1) whether the parties agreed to arbitrate; (2) the scope or the arbitration agreement; (3) whether, if federal statutory claims are asserted, Congress intended those claims to be nonarbitrable; and (4) whether, if some but not all of the claims in the case are arbitrable, the case should be stayed pending arbitration. *JLM Indus., Inc. v. Stolt-Nielsen SA*, 387 F.3d 163, 169 (2d Cir. 2004).

When he was hired, McAllister initialed and signed an agreement (the "Arbitration Agreement"), which provided, in relevant part, as follows:

> The Company and You mutually consent to resolve through the CTR Resolution program including final and binding arbitration all claims or controversies ("claims") past, present or future, whether or not arising out of your employment (or its termination) . . . .

> The claims covered by this Agreement include, but are not limited to: . . . claims for discrimination (including, but not limited to, race, sex, sexual orientation, religion, national origin, age, marital status, physical or mental disability or handicap, or medical condition).

4

(CTR Resolution Agreement, CTR Motion to Stay Proceedings and Compel Arbitration, Ex. A at 1.)

McAllister does not contest the validity of the Arbitration Agreement, and we reject his suggestion that its terms were nullified by a severance agreement he later received from (but did not enter into with) CTR. McAllister concedes that he did not enter into the severance agreement; accordingly, neither he nor CTR is bound by its terms. *See Bridgeport Pipe Eng'g Co. v. DeMatteo Constr. Co.*, 268 A.2d 391, 393 (Conn. 1970). As the plain language of the Arbitration Agreement provides, the parties agreed to resolve their disputes by arbitration, and their agreement covered the claims McAllister asserts in the Complaint. *See JLM Indus.*, 387 F.3d at 169. Those claims arise under "employment discrimination statutes[,] and, as a general matter, 'courts have consistently found that such claims can be subject to mandatory arbitration.'" *Ragone v. Atl. Video at Manhattan Ctr.*, 595 F.3d 115, 120 (2d Cir. 2010) (quoting *Gold*, 365 F.3d at 147). For these reasons, the district court correctly granted CTR's motion to stay proceedings and compel arbitration.[2]

---

[2] In ruling on a motion to compel arbitration under the Federal Arbitration Act, "the court applies a standard similar to that applicable for a motion for summary judgment." *Bensadoun v. Jobe-Riat*, 316 F.3d 171, 175 (2d Cir. 2003). In our circuit, *pro se* litigants who oppose motions for summary judgment are entitled to notice of the consequences of failing to support their opposition with evidence. *Vital v. Interfaith Med. Ctr.*, 168 F.3d 615, 620 (2d Cir. 1999). We do not address whether such a rule might also apply when a *pro se* litigant is opposing a motion to dismiss in favor of arbitration because, although McAllister appears not to have received such notice, the "record otherwise makes clear that the litigant understood the nature and consequences" of CTR's motion. *Id.* at 621.

5

We have considered all of McAllister's remaining arguments and find them to be without merit.  Accordingly, the judgment of the district court is **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk