12-398-cv
Hicks v. Moore

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

### SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007 IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 1st day of March, two thousand thirteen.

PRESENT: RALPH K. WINTER,
         DENNY CHIN,
         CHRISTOPHER F. DRONEY,
                 Circuit Judges.

- - - - - - - - - - - - - - - - - - - -x

DONNELL W. HICKS,
           Plaintiff-Appellant,

           -v.-                          12-398-cv

PATRICK F. MOORE, THOMAS MURPHY,
MARY PERCESEPE, MICHAEL DUNGAN,
LORRAINE TRACEY, LOUIS MURASSO,
PATRICK HINKLEY, DENNIS LEARY,
ESTATE OF FRED ANDROS,
           Defendants-Appellees.

- - - - - - - - - - - - - - - - - - - -x

FOR PLAINTIFF-APPELLANT:    Donnell W. Hicks, pro se,
                            Poughkeepsie, New York.

FOR DEFENDANTS-APPELLEES:   Anna E. Remet, Van DeWater & Van
                            DeWater, LLP, Poughkeepsie, New
                            York.

Appeal from the United States District Court for the

Southern District of New York (Preska, C.J.).

**UPON DUE CONSIDERATION, IT IS ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Defendant-appellant Donnell W. Hicks, proceeding pro se, appeals from the district court's judgment dismissing his complaint for failure to state a claim for deprivation of rights under 42 U.S.C. § 1983. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

We review de novo a district court's sua sponte dismissal of a complaint pursuant to 28 U.S.C. § 1915(e)(2). Giano v. Goord, 250 F.3d 146, 149-50 (2d Cir. 2001). The complaint need only plead "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007); see also Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). Although pro se complaints must meet the plausibility standard, see Caro v. Weintraub, 618 F.3d 94, 97 (2d Cir. 2010), we also read such complaints with "special solicitude," Ruotolo v. I.R.S., 28 F.3d 6, 8 (2d Cir. 1994) (per curiam), and "interpret them to raise the strongest arguments that they suggest," Pabon v. Wright, 459 F.3d 241, 248 (2d Cir. 2006) (quoting Burgos v. Hopkins, 14 F.3d 787, 790 (2d Cir. 1994)). Furthermore, before dismissing the complaint, the district court should generally accord a pro se plaintiff an opportunity to amend his complaint. See Cuoco v. Moritsugu, 222 F.3d 99, 112 (2d Cir. 2000).

Here, the district court acknowledged that Hicks's section 1983 claim was likely time-barred.  See Wilson v. Garcia, 471 U.S. 261, 275 (1985) (courts borrow state limitations period for claims under 42 U.S.C. § 1983); N.Y. C.P.L.R. § 214(5) (three-year statute of limitations for recovering damages in personal injury).  Nevertheless, the court gave Hicks an opportunity to amend his complaint to include allegations that would justify equitably tolling the statute of limitations.  As amended, the complaint raised fraudulent concealment, delays in responding to a Freedom of Information Law request made in 2006, and the continuing-course-of-conduct doctrine to justify equitable tolling.  Hicks failed, however, to account for the decade-long delay in filing the complaint since the claim had first accrued.  Cf. Smith v. McGinnis, 208 F.3d 13, 18 (2d Cir. 2000) (a defendant's pro se status is itself insufficient to merit equitable tolling).  We have independently reviewed the record and, even liberally construing the amended complaint, we conclude that the district court properly dismissed Hicks's claim as time-barred.

We have considered plaintiff's remaining arguments and conclude they are without merit.  For the foregoing reasons, we **AFFIRM** the order of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

-3-