12-1811-cv
Hafez v. City of Schenectady

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 7th day of May, two thousand thirteen.

PRESENT:
> DENNIS JACOBS,
> > *Chief Judge,*
> ROBERT D. SACK,
> > *Circuit Judge,*
> JED S. RAKOFF,[*]
> > *District Judge.*

---

Mohamed A. Hafez,

> *Plaintiff-Appellant,*

> v.                                                                          12-1811-cv

City of Schenectady, *et al.*,

> *Defendants-Appellees.*

---

---

[*]      Judge Jed S. Rakoff, of the United States District Court for the Southern District of New York, sitting by designation.

FOR APPELLANT:     Mohamed A. Hafez, *pro se*, Schenectady, New York

FOR APPELLEES:     Michael Joseph Murphy, Carter, Conboy, Case, Blackmore, Maloney & Laird, P.C., Albany, New York

Appeal from a judgment of the United States District Court for the Northern District of New York (D'Agostino, *J.*)

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Mohamed A. Hafez appeals from an order granting summary judgment dismissing his 42 U.S.C. § 1983 complaint against city officials for allegedly discriminatory and retaliatory enforcement of city code provisions. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

This Court reviews orders granting summary judgment *de novo* and focuses on whether the district court properly concluded that there was no genuine dispute as to any material fact and the moving party was entitled to judgment as a matter of law. *See Miller v. Wolpoff & Abramson, LLP*, 321 F.3d 292, 300 (2d Cir. 2003). All ambiguities and inferences are resolved in favor of the nonmovant; the inferences to be drawn from the underlying facts revealed in materials such as affidavits, exhibits, interrogatory answers, and depositions must be viewed in the light most favorable to the nonmoving party. *See Nationwide Life Ins. Co. v. Bankers Leasing Assoc.*, 182 F.3d 157, 160 (2d Cir. 1999) (citing *Cronin v. Aetna Life Ins. Co.*, 46 F.3d 196, 202 (2d Cir. 1995)). Summary judgment is appropriate "[w]here the record taken as a whole could not lead a rational trier of fact to find for the non-moving party." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

Here, an independent review of the record and relevant case law confirms that summary judgment was properly granted. We affirm for substantially the reasons stated by the district court in its thorough and well-reasoned order, *see Hafez v. City of Schenectady*, No. 10-cv-541 (N.D.N.Y. Apr. 19, 2012), subject to several points that merit further discussion.

There is no indication that Hafez received notice of the requirements of a response to the summary judgment motion or of the consequences of failing to oppose. "'The failure of a district court to apprise *pro se* litigants of the consequences of failing to respond to a motion for summary judgment is ordinarily grounds for reversal.'" *Vital v. Interfaith Med. Ctr.*, 168 F.3d 615, 620 (2d Cir. 1999) (quoting *Ruotolo v. IRS*, 28 F.3d 6, 8 (2d Cir. 1994) (per curiam)). However, *Vital* does not assert an "unyielding rule," and where "it is reasonably apparent that the litigant understood the nature of the adversary's summary judgment motion and the consequences of not properly opposing it," reversal is not required. *Sawyer v. Am. Fed'n of Gov't Emps.*, 180 F.3d 31, 35 (2d Cir. 1999). It is reasonably apparent that Hafez understood the nature and consequences of summary judgment, especially given the extensive documentation he submitted along with his response to the motion and his contention that issues of material fact properly resolved by a jury should prevent entry of summary judgment against him. Therefore, we do not vacate on *Vital* grounds.

Even assuming *arguendo* that the city tax department's knowledge of Appellant's grievances can be imputed to the defendants as general corporate knowledge of the city and all of its officers (as Hafez argues), there are no non-conclusory allegations indicating that city officials enforced rental code provisions against Hafez because of these grievances,

3

and Hafez apparently admits that he was in violation. Similarly, *Gorman-Bakos v. Cornell Coop. Extension of Schenectady Cnty.*, 252 F.3d 545, 555 (2d Cir. 2001) (discussing requirement of a causal connection in retaliation actions), from the employment discrimination context, provides no basis for vacating the district court's order and judgment, especially in the absence of credible evidence that the enforcement of the rental code against Appellant was based on anything other than his violations. Therefore, Appellant's contentions on appeal are unavailing, and the district court's grant of summary judgment was appropriate

We have considered Appellant's remaining arguments and find them to be without merit. Accordingly, the judgment of the district court is hereby **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

4