Chepak v. New York City Health and Hospitals Corp.

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 17th day of March, two thousand sixteen.

PRESENT:
> PIERRE N. LEVAL,
> ROSEMARY S. POOLER,
> RICHARD C. WESLEY,
> *Circuit Judges.*

---

Mary Ellen Chepak,

> *Plaintiff-Appellant*,

v.                                                                15-679

New York City Health and Hospitals
Corporation,

> *Defendant-Appellee*,

Metropolitan Hospital,

> *Defendant*.

---

FOR PLAINTIFF -APPELLANT:          Mary Ellen Chepak, pro se, Mastic Beach, New
                                   York.

**FOR DEFENDANT -APPELLEE:** Janet L. Zaleon, of Counsel (Fay S. Ng *on the brief*) *for* Zachary W. Carter, Corporation Counsel of the City of New York, New York, New York.

Appeal from a judgment of the United States District Court for the Southern District of New York (Forrest, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Appellant Mary Ellen Chepak, proceeding pro se, appeals the district court's judgment in which it granted summary judgment to the defendant. Chepak raised claims under the Equal Pay Act, 29 U.S.C. § 206(d), and Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq., alleging that she was paid less than men who had previously performed the same job. The court granted the defendant summary judgment, ruling that Chepak had not presented evidence showing that her comparators had performed the same work. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

We review orders granting summary judgment de novo and focus on whether the district court properly concluded that there was no genuine issue as to any material fact and the moving party was entitled to judgment as a matter of law. *Miller v. Wolpoff & Abramson, L.L.P.*, 321 F.3d 292, 300 (2d Cir. 2003). We resolve all ambiguities and draw all inferences in favor of the nonmovant. *Nationwide Life Ins. Co. v. Bankers Leasing Ass'n*, 182 F.3d 157, 160 (2d Cir. 1999). Summary judgment is appropriate "[w]here the record taken as a whole could not lead a rational trier of fact to find for the non-moving party." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

As an initial matter, we observe that neither the hospital nor the district court advised Chepak of the nature and consequences of a motion for summary judgment. This is "ordinarily

grounds for reversal." *Ruotolo v. I.R.S.*, 28 F.3d 6, 8 (2d Cir. 1994). However, reversal is not warranted here because the record "makes clear" that Chepak understood the nature of a summary judgment motion. *See Vital v. Interfaith Med. Ctr.*, 168 F.3d 615, 621 (2d Cir. 1999). Chepak's opposition cited to the district court's Local Rule 56.1, and she submitted a statement of disputed facts, and over 300 pages of exhibits. Therefore, we address the merits. *See Sawyer v. Am. Fed'n of Gov't Emps.*, 180 F.3d 31, 35-36 (2d Cir. 1999) (ruling that although pro se litigant did not receive notice, his submissions indicated he had sufficient awareness of the consequences of a summary judgment motion).

Upon review, we conclude that the district court properly granted summary judgment to the defendant. We affirm for substantially the reasons stated by the district court in its thorough February 5, 2015 decision.

On appeal, Chepak challenges the district court's denial of her request to subpoena one of the male comparators after discovery had closed. "We will reverse a district court's ruling regarding discovery only upon a clear showing of an abuse of discretion." *Jackson v. Fed. Express*, 766 F.3d 189, 198 (2d Cir. 2014) (internal quotation marks). The court did not abuse its discretion here. Chepak sought the subpoena months after discovery had closed and after the summary judgment motion was fully briefed. *See id*. at 198-99 (ruling denial of motion to reopen discovery was not an abuse of discretion because the litigant had seven months to conduct discovery and "a fully briefed motion for summary judgment was pending when the request to reopen was made").

3

We have considered all of Chepak's remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk