17-3567-cv
*Leon v. N.Y.C. Dep't of Educ.*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 31st day of October, two thousand eighteen.

PRESENT:
        ROBERT A. KATZMANN,
           *Chief Judge,*
        AMALYA L. KEARSE,
        DENNY CHIN,
           *Circuit Judges.*

_____

Lillie Leon,

        *Plaintiff-Appellant*,

        v.                                           17-3567

New York City Department of Education, Paula
Cunningham, in her Individual and Official
Capacity,

        *Defendants-Appellees*,

Nerida Urban, in her Individual and Official Capacity,
Harvey Katz, in his Individual and Official Capacity,

        *Defendants*.

_____

**FOR PLAINTIFF-APPELLANT:**        Lillie Leon, pro se, Cambria Heights, NY.

**FOR DEFENDANTS -APPELLEES:**     Elina Druker (Jeremy W. Shweder, *on the brief*), *for* Zachary W. Carter, Corporation Counsel of the City of New York, NY.

Appeal from a judgment of the United States District Court for the Eastern District of New York (Kuntz, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Appellant Lillie Leon, proceeding pro se, appeals the judgment of the district court granting summary judgment in favor of the appellees with respect to her claims under the Age Discrimination in Employment Act, the Americans with Disabilities Act, and state and city human rights laws, and her claim of intentional infliction of emotional distress. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

We review orders granting summary judgment *de novo* and focus on whether the district court properly concluded that there was no genuine dispute as to any material fact and the moving party was entitled to judgment as a matter of law. *Sotomayor v. City of New York*, 713 F.3d 163, 164 (2d Cir. 2013) (per curiam).

We note that the record does not reflect that Leon received the usual warning about the nature and consequences of a summary judgment motion, including the need to adduce evidence, and not simply reply on allegations in the complaint, per *Vital v. Interfaith Medical Center*, 168 F.3d 615, 620-21 (2d Cir. 1999). The absence of such a warning is "ordinarily grounds for reversal." *Ruotolo v. IRS*, 28 F.3d 6, 8 (2d Cir. 1994) (per curiam). Reversal is not warranted, however, "where the record otherwise makes clear that the litigant understood the nature and

consequences of summary judgment." *Vital*, 168 F.3d at 621. Here, Leon's papers in opposition to summary judgment cited to Local Rule 56.1, and she included 60 pages of exhibits. Accordingly, we do not reverse. *See Sawyer v. Am. Fed'n of Gov't Emps., AFL-CIO*, 180 F.3d 31, 34-36 (2d Cir. 1999) (upholding summary judgment despite absence of proper notice where pro se plaintiff "knew that he was required to produce evidence supporting the issues of material fact that he needed to preserve for trial").

Here, an independent review of the record and relevant case law reveals that the district court properly granted summary judgment. We affirm for substantially the reasons stated by the district court in its thorough September 29, 2017 decision.

We have considered all of Leon's arguments and find them to be without merit. Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

3